IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-cv-00040-BO-KS

JESSICA EVANS,
    Plaintiff,

v.

MARTIN O'MALLEY,
*Commissioner of Social Security*,
    Defendant.

O R D E R

This cause comes before the Court on Plaintiff's motion for judgment on the pleadings [DE 12]. A hearing was held on these matters by the undersigned on October 31, 2024, in Raleigh, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is DENIED.

## BACKGROUND

Plaintiff filed for disability insurance benefits on April 14, 2021, claiming an amended onset date of November 16, 2019. Evans claims that she is unable to work because she suffers from severe chronic back and neck pain caused by degenerative disk disease, migraines, chronic anemia, neuropathy, PTSD, and anxiety. She had a hearing before an ALJ on March 29, 2023. The ALJ determined that the claimant possessed the residual functional capacity to perform sedentary work and denied her request for benefits. The Appeals Council denied plaintiff's request for review on July 26, 2023, and the ALJ's decision became final. Evans now brings the present suit under 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported

by substantial evidence and whether the Commissioner employed the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Current regulations establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity

2

("RFC") is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined here that the plaintiff had not engaged in substantial gainful activity since her amended onset date of November 16, 2019. At step two, the ALJ found that the plaintiff had severe impairments, including migraines, chronic anemia, neuropathy, post-traumatic stress disorder, anxiety, and chronic back and neck pain due to degenerative disk disease. At step three, the ALJ determined that her impairments did not equal a Listing. At step four, the ALJ described plaintiff as having the:

> "…residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she can frequently climb ramps, occasionally climb stairs, and can never climb ladders, ropes, or scaffolds. She can occasionally stoop and crouch. She can frequently balance and kneel. She can frequently but not constantly reach overhead with the bilateral upper extremities. She must avoid concentrated exposure to vibrating tools and surfaces and workplace hazards as defined in the Selected Characteristics of Occupations []. She can understand, remember, and carry out instructions for simple routine tasks without a specific production rate requirement (e.g. assembly line work). She has the ability to maintain concentration, persistence, and pace for two-hour segments for completion of simple routine tasks (assuming normal fifteen-minute morning and afternoon breaks and a thirty-minute lunch break). She can interact frequently with supervisors and occasionally with coworkers and the public. She has the ability to adapt to workplace changes involving simple work-related decisions." TR 587–88.

The ALJ then determined that the plaintiff could perform work as a table worker, cuff folder, or motor polarizer, and that she was not disabled within the meaning of the Act. TR 598.

### I. The ALJ adequately analyzed the presented medical testimony.

The plaintiff argues that the ALJ's decision regarding her residual functional capacity was not supported by substantial evidence because the ALJ failed to properly weigh the proffered medical opinion evidence. When discussing medical evidence, the ALJ must articulate

3

why certain testimony was or was not persuasive under the five factors listed in 20 C.F.R. § 416.920c(a). These factors include supportability, consistency, the depth of the relationship between the medical source to the claimant, the specialization of the medical source, and "other" relevant factors. 20 C.F.R. § 416.920c(c). Plaintiff alleges that the ALJ failed to adequately analyze the testimony of multiple medical sources under this framework.

Examining the record, it shows that the ALJ fully acknowledged the extensive history of treatments and surgeries that the claimant has undergone for her conditions, noting that the treatments had been conservative given the alleged level of pain and disability. TR 596. The ALJ then went on to weigh this evidence of treatment against other evidence—including routine findings of normal sensation, strength, range of motion, and dexterity. TR 594–95. The ALJ also acknowledged plaintiff's diagnosed mental impairments, and weighed that evidence against routine observations that the claimant was cooperative, alert, orientated, well-groomed, insightful, and displayed typical judgment, memory, and intellect. TR 592–93. Further, the ALJ considered the fact that the claimant often performed activities of daily living, including performing chores, driving, cooking, shopping, socializing, and managing finances. TR 589.

In reaching these determinations, the ALJ repeatedly pointed to specific locations in the medical record that contradicted the testimony offered by the claimant's doctors. *See, e.g.*, TR 595, 2974, 3480, 2984. The ALJ characterized certain testimony as "vague," and offered reasons for why such testimony was persuasive or not. TR 595. Despite plaintiff's argument that this analysis did not cover all five factors listed in 20 C.F.R. § 416.920c(a), the articulation standard for ALJ decisions is not high. The opinion must provide a logical bridge from the evidence presented to the conclusion reached, allowing for meaningful judicial review. *See Mascio v. Colvin*, 780 F.3d 632, 636–37 (4th Cir. 2015). A reviewing court "must 'uphold' even 'a

4

decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021) (citing *Bowman Transp. Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 286 (1974)).

Here, the ALJ provided adequate analysis to allow the Court to determine the basis for the ALJ's decision. The ALJ found both physical and mental limitations, and then discussed the evidence supporting the conclusion that the limitations did not completely prevent the claimant from working. An ALJ may not "substitute[] [her] lay opinions for the judgments of medical professionals," but the determination of residual functional capacity is one reserved exclusively to the ALJ. *Brown v. Comm'r of Soc. Sec.*, 873 F.3d 251, 271 (4th Cir. 2017). The ALJ engaged in a thoughtful and thorough evaluation of the proffered medical testimony, and discussed the substantial evidence that supported the opinion.

## II. The ALJ adequately evaluated claimant's subjective statements.

Plaintiff then argues that the ALJ did not properly evaluate or assign adequate weight to claimant's subjective statements regarding her capacity for work. When considering a claimant's symptoms, the ALJ follows a two-step process. First, they look to whether the individual has a medical impairment that could reasonably be expected to produce the complained-of symptoms. Second, the ALJ considers the intensity and persistence of the patient's symptoms and whether they are consistent with the objective medical evidence in the record. SSR 16-3p.

The ALJ followed that process here. TR 588. She determined that the complained-of symptoms were not entirely consistent with the physical evidence and wrote a robust discussion explaining her rationale. TR 589–92. Plaintiff claims that Fourth Circuit precedent allows a claimant to rely entirely on subjective reports of pain, and forbids an ALJ from placing undue emphasis on normal laboratory results or requiring that the plaintiff produce objective evidence

5

of the pain or symptoms complained of. *Arakas v. Comm'r of Soc. Sec.*, 983 F.3d 83, 95, 97 (4th Cir. 2020). This statement of the law is accurate—here, however, the ALJ neither demanded objective evidence nor placed undue emphasis on such objective evidence. Instead, she thoroughly considered the statements of the plaintiff, medical testimony, and the medical record in reaching her determination. TR 588.

The ALJ included a robust discussion of claimant's physical and mental ailments and symptoms, including both subjective and objective reports. This discussion allows the district court to conduct meaningful review and conclude that the ALJ's decision was based on substantial evidence.

### III. The ALJ did not err by relying on a flawed hypothetical.

Lastly, the plaintiff argues that the ALJ inappropriately relied on a hypothetical question asked to a vocational expert, when the hypothetical did not properly account for Evans's moderate mental limitations. The vocational expert was asked if Evans would be able to perform work if she could understand and carry out instructions for simple tasks, but was not asked if Evans would be able perform work while suffering from moderate limitations in concentration, persistence, or pace. TR 2343–2344. The Fourth Circuit has held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015).

Admittedly, the ALJ did not include in her hypothetical as much detail as might be desired. However, as discussed above, the ALJ's opinion elsewhere provides adequate support for the determination of residual functional capacity. As the Fourth Circuit has also observed, there are no *per se* rules about how mental limitations are to be accounted for in the RFC

analysis, and there is no error in the RFC finding "when medical evidence demonstrates" that the claimant is capable of the range of work assessed by the ALJ. *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020).

The assessment of mental limitations is a nebulous process, and one for which the ALJ here provided adequate reasoning and rationale. This court may not reweigh evidence and may not substitute its own judgment for that of the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Instead, finding that a reasonable mind could rely on the substantial evidence cited in the ALJ's opinion, this Court must affirm the judgment of the ALJ.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is inappropriate. The ALJ adequately considered the evidence before them and engaged in a thorough discussion of their reasoning. The Court determines that the ALJ's decision is supported by substantial evidence. Accordingly, plaintiff's motion for judgement on the pleadings [DE 12] is DENIED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __7__ day of November 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE